IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL PALMA,                    §
                                  §
    Plaintiff,                   §
                                  §
v.                                §    CIVIL ACTION NO. H-18-0335
                                  §
LAWRENCE W. LUKER, et al.,        §
                                  §
    Defendants.                  §

## MEMORANDUM OPINION

Pending before the court[1] are Defendants' Amended Motion to Dismiss (Doc. 42) and Plaintiff's Motion to Amend Complaint (Doc. 19). The court has considered the motions, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Defendants' motion and **DENIES** Plaintiff's.

## I. Case Background

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 vaguely alleging that his property rights were violated.

### A. Factual Background

Plaintiff has a lengthy history of filing lawsuits over his obligation to pay property taxes.[2] In the present case, pursuant to Texas Tax Code Section 41.41(a)(3), Plaintiff protested the inclusion of his real property on the Harris County appraisal rolls

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 40, Ord. Dated Aug. 7, 2018.

[2] See Doc. 37, Pl.'s Resp. to Def.'s Mot. to Dismiss pp. 2-7.

for the years 2015, 2016, and 2017.[3]

In 2015, the Harris County Appraisal Review Board ("ARB") conducted a hearing and determined that Plaintiff's property was properly included on the Harris County appraisal rolls as its taxable situs was in Harris County. See Palma v. Harris County Appraisal Dist., Civ. Act. No. 01-17-00502-CV, 2018 WL 1473792, at *1 (Tex. App.—Houston [1st Dist.] Mar. 27, 2018, pet. denied). Plaintiff contested this determination in state court, where a judgment was entered against him. Id. Plaintiff appealed, and the court of appeals affirmed the trial court's judgment. Id. The Texas Supreme Court denied review of Plaintiff's case.

In 2016, the ARB declined to conduct a hearing on the taxable situs of Plaintiff's property and instead conducted a value hearing.[4] Plaintiff objected, and filed another lawsuit in state court. See Palma v. Harris County Appraisal Review Bd., 01-17-00705-CV, 2018 WL 3355052, at *1 (Tex. App.—Houston [1st Dist.] July 10, 2018, pet. denied). The trial court ruled against Plaintiff because his taxable situs protest was untimely. See id. The trial court's judgment was affirmed on appeal. See id. at 2.

Although Plaintiff has not cited specific facts about the property's tax status in 2017, the court assumes that Plaintiff

---

[3] See Doc. 1, Pl.'s Orig. Compl. p. 9.; Doc. 37, Pl.'s Resp. to Def.'s Mot. to Dismiss p. 9.

[4] See Doc. 1, Pl.'s Orig. Compl. p. 9.; Doc. 37, Pl.'s Resp. to Def.'s Mot. to Dismiss p. 5.

complains of his property's inclusion on the 2017 appraisal rolls.

## B. **Procedural Background**

Plaintiff filed his original complaint on February 2, 2018, against multiple individual members of the ARB and Scott R. Hilsher ("Hilsher"), an Assistant County Attorney for Harris County (collectively the "Defendants").[5]  On July 17, 2018, Plaintiff filed a motion to amend his original complaint.[6]  On July 24, 2018, Defendants filed their original motion to dismiss.[7]  Plaintiff filed a response to the motion on August 3, 2018.[8]

On August 10, 2018, Plaintiff filed a document titled "Challenge to Constitutionality of a State Statute" (the "Challenge Pleading").[9]  In the Challenge Pleading, Plaintiff purports to add new factual allegations and legal arguments, and challenges the constitutionality of Texas Tax Code Sections 11.01(a)-(b), 41.41(a)(3), and 41.44.[10]  Although this document was not denominated as an amended complaint and is simply a questionnaire with attached documents, Defendants filed an amended motion to dismiss on August 27, 2018, directed to that document.[11]  Plaintiff

---

[5]    See Doc. 1, Pl.'s Orig. Compl.

[6]    See Doc. 19, Pl.'s Mot. to Amend Compl.

[7]    See Doc. 32, Defs.' Mot. to Dismiss.

[8]    See Doc. 37, Pl.'s Resp. to Defs.' Mot. to Dismiss.

[9]    See Doc. 41, Pl.'s Challenge to Constitutionality of a State Statute.

[10]    See id. p. 1.

[11]    See Doc. 42, Defs.' Am. Mot. to Dismiss.

filed a response to the amended motion to dismiss on August 29, 2018, which primarily incorporated his original response with additional briefing.[12]   On November 9, 2018, Plaintiff filed a notice to the court, which argued that Plaintiff is entitled to seek prospective declaratory relief against Defendants and, therefore, his suit is not barred by the case law cited by Defendants.[13]

## II.  Legal Standard

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). Federal courts may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994); see also Howery v. Allstate Ins. Co., 243 F3d 912, 916 (5th Cir. 2001). The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. Kokkonen, 511 U.S. at 377; Howery, 243 F.3d at 916, 919. In considering such a motion, the court must take as true all uncontroverted factual allegations in the complaint. John Corp. v. City of Houston, 214 F.3d 573, 576 (5th Cir. 2000).

## III. Analysis

---

[12]     See Doc. 43, Pl.'s Resp. to Am. Mot. to Dismiss.

[13]     See Doc. 46, Pl.'s Notice to Court.

4

Although the genesis of Plaintiff's complaint is unclear, it appears that he believes that his real property cannot be taxed or controlled in any way because the State of Texas "ceded" it to him.[14]  In Plaintiff's responses and in his Challenge Pleading, he appears to add the following factual allegations and legal theories: (1) Texas Tax Code Sections 11.01(a)-(b), 41.41(a)(3), and 41.44 are unconstitutional; (2) the ARB did not have the right to refuse another situs hearing in 2016; (3) the ARB members were improperly trained on how to interpret the Texas Tax Code; and (4) a string of other muddled theories and allegations.[15]  The court will focus its analysis on the allegations actually made in Plaintiff's complaint.  Defendants argue that Plaintiff is improperly attempting to attack the state court judgment and his complaint should be dismissed pursuant to the Rooker-Feldman doctrine.

## A.    The Court's Subject-Matter Jurisdiction Under Rooker-Feldman

The Rooker-Feldman doctrine holds that an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment.  See Liedtke v. State Bar of Tex., 18 F.3d 315, 317 (5th Cir. 1994) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).  The Rooker-Feldman doctrine establishes that

---

[14]    See Doc. 1, Pl.'s Orig. Compl. p. 8.

[15]    See Doc. 37, Pl.'s Resp. to Def.'s Mot. to Dismiss pp. 14-15; Doc. 41, Pl.'s Challenge to Constitutionality of a State Statute p. 1.

a federal court lacks subject matter when issues in federal court are "inextricably intertwined" with a final state court judgment such that the court is "in essence being called upon to review a state-court decision." Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995). The Supreme Court has cautioned that the doctrine is to be narrowly confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." Moore v. Texas Ct. of Crim. App., 561 F. App'x 427, 430 (5th Cir. 2014)(unpublished)(quoting Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986)).

For example, in Liedtke, Liedtke filed suit against the State Bar of Texas for allegedly violating his civil rights through disciplinary proceedings brought against him in state court. Liedtke, 18 F.3d at 316-17. The Fifth Circuit held that the federal court did not have subject matter jurisdiction, stating that "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts." Id. at 317. The casting of a "complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district

court[s], as court[s] of original jurisdiction, lack[] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'" Id. (alterations in original) (quoting Kimball v. The Florida Bar, 632 F.2d 1283, 1284 (5ᵗʰ Cir. 1980)).

In an attempt to pivot, Plaintiff claims, in his first response, that this case is really about Defendants' "training and its application to a private home to determine if the home should be included on the appraisal roll at all."[16]  Plaintiff goes on to say that the court should exercise jurisdiction over this lawsuit because it can: (1) help Defendants understand when, and under what circumstances they may place a property on the appraisal roll under the Texas Tax Code; and (2) determine if Defendants need to have additional training to properly interpret the Texas Tax Code.[17]

Plaintiff has attempted to distance this lawsuit from the previous state court lawsuits by suing the ARB members personally rather than directly suing the ARB, and has later claimed training deficiencies.  However, his complaint, "stripped to the essentials, is an attack on the judgment[s] of the state [court]." Liedtke, 18 F.3d at 318.  The relief Plaintiff requests in his complaint is highly revealing as he requests that: (1) Defendants not be permitted to contact him or send any documents to him without signing an affirmation that his property is under the ARB's

---

[16]    See Doc. 37, Pl.'s Resp. to Defs.' Mot. to Dismiss. p. 14.

[17]    See id. p. 15.

jurisdiction; (2) Defendants "modify their 'opinions' on the state documents they signed to more accurately reflect the current laws of the land[;]" (3) Hilsher sign a document apologizing to Plaintiff for violating state rules; and (4) substantial damages be awarded.[18]

The "essential" aspects of the relief Plaintiff requests were already adjudicated in Plaintiff's state court lawsuits. The state court found that: (1) Plaintiff's property's taxable situs is in Harris County, placing Plaintiff's property under the ARB's jurisdiction; and (2) the ARB reached a correct conclusion that did not need to be modified. By requesting damages and that Hilsher apologize, and adding extraneous facts and legal arguments, Plaintiff has not changed the primary basis of his lawsuit, which is to attack the state court judgments. Similarly, Plaintiff did not change the basis of his lawsuit by arguing that it is actually a civil rights suit based on a lack of training.

Accordingly, under the Rooker-Feldman doctrine, the court lacks subject-matter jurisdiction over the majority of this matter.

**B.  Plaintiff's Claim for Prospective Relief**

In Plaintiff's Challenge Pleading and notice to the court, he argues that he should be able to amend his complaint to add a constitutional claim for prospective relief that Texas Tax Code Sections 11.01(a)-(b), 41.41(a)(3), and 41.44 are

---

[18]    See Doc. 1, Pl.'s Orig. Compl. p. 10.

unconstitutional.[19]

Texas Tax Code Sections 11.01(a)-(b), 41.41(a)(3), and 41.44 provide: (1) that real property located in Texas is taxable; (2) that a property owner may protest his property's inclusion on the appraisal records; and (3) the procedural steps for a property owner's protest. Plaintiff specifically argues that pursuant to these statutes Defendants: (1) unconstitutionally placed his property on the appraisal roll when his property is exempt by law and not located in Texas; and (2) Defendants did not have the right to decline to hold a hearing on whether his property was properly included on the appraisal rolls.[20]

The court could require Plaintiff to file an amended complaint alleging his constitutional claim for prospective relief. However, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." See Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872–73 (5th Cir. 2000).

Regarding Plaintiff's specific arguments, these issues were addressed in Plaintiff's state court hearings. Plaintiff disguises the arguments as constitutional issues, but in reality, Plaintiff is re-arguing that his home is not subject to taxation under the Texas Tax Code and that the ARB should have held a hearing on the taxable situs of his home in 2016. Rooker-Feldman bars

---

[19]    See Doc. 41, Plaintiff's Challenge Pleading p. 1; Doc. 46, Pl.'s Notice to the Court p. 1.

[20]    See id.

consideration of these issues as does 28 U.S.C.A. § 1341 which provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

To the extent that Plaintiff is broadly challenging the constitutionality of property tax, it is well settled that real property taxes are constitutional.  See e.g. Commonwealth Edison Co. v. Montana, 453 U.S. 609, 624 (1981)("[A] real property tax . . . has never been doubted as a legitimate means of raising revenue by the situs State.").

For these reasons, Plaintiff's proposed amended complaint would be futile.

### IV.    Conclusion

Based on the foregoing, the court **GRANTS** Defendants' motion and **DENIES** Plaintiff's motion.

**SIGNED** in Houston, Texas, this 25th day of March, 2019.

_____
U.S. MAGISTRATE JUDGE